UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

FREDERICK JOHNSON,

        Plaintiff,

v.

UNITED STATES OF AMERICA;
(RICHARD IVES, Warden),

        Defendants.

Case No. 3:18-cv-00823-MK

ORDER

KASUBHAI, Magistrate Judge:

      Plaintiff, a federal inmate at the Federal Correctional Institution in Sheridan, Oregon (FCI Sheridan), filed this civil action and alleged claims under the Federal Tort Claims Act (FTCA) and the Inmate Accident Compensation Act (IACA). The government moves to dismiss plaintiff's claims for lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons explained below, the government's motion is granted and plaintiff is allowed to amend his complaint.

1    - ORDER

BACKGROUND

On June 8, 2017, plaintiff was working as a "Grade 2 cook" in the Food Services Department at FCI Sheridan and was assigned to clean the fryer. Compl. ¶ 15 (ECF No. 2). According to plaintiff, he had been told by his supervisor, Officer Childress, that CMS (Compound Maintenance Services) "had properly repaired the Fryer's high pressure pump system." *Id.* ¶ 17. Plaintiff was pumping hot oil into the fryer when "the repair completed earlier by CMS blew apart, causing the hot oil to spray wildly, and onto Plaintiff's leg through Plaintiff's safety equipment, leaving Plaintiff with painful burns over a substantial area of Plaintiff's left leg." *Id*. ¶ 18. Plaintiff was "treated with cool rags and given pain medication, in order to manage the pain, which lasted for (5) five months." *Id.* ¶ 20.

On August 24, 2017, plaintiff signed an administrative tort claim against the government, and the Bureau of Prisons (BOP) apparently received the claim on April 26, 2018. Herrera Decl. ¶ 3 & Ex. 1 at 1. Plaintiff's tort claim sought $10,000 in damages to compensate for his leg injury. *Id.*

On April 27, 2018, the BOP denied plaintiff's claim, explaining that it was barred by the IACA. Herrera Decl. Ex. 2 at 1. The denial letter also explained when and how plaintiff could seek compensation under the IACA. *Id.*

On May 11, 2018, plaintiff filed suit under the FTCA, or alternatively, under the IACA. Plaintiff seeks $10,000 in damages.

STANDARDS

At the pleading stage, a complaint is construed in favor of the plaintiff, and its factual allegations are taken as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In pro se cases particularly, the court must construe the complaint liberally and afford the

plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, the court need not accept as true "conclusory" allegations, "unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall*, 629 F.3d at 998. Instead, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Further, the plaintiff must assert a statutory basis for judicial review and a waiver of sovereign immunity to support subject matter in an action against the federal government. *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007).

## DISCUSSION

Plaintiff alleges that the prison officials responsible for repairing the fryer were negligently trained and supervised, negligently performed their duties, and exhibited deliberate indifference to his safety. Compl. ¶¶ 28, 33-34. Plaintiff maintains that defendants "chose to repair a high pressure hose, designed for the pressure, as well as the extreme heat, with a chunk of tubing and a couple of radiator hose clamps." *Id.* ¶ 19. The government seeks dismissal of plaintiff's claims on several grounds.

First, the government argues that plaintiff's FTCA claim must be dismissed because the IACA provides the exclusive remedy for injures arising from a prison workplace injury. The government is correct. Under the IACA, Federal Prison Industries may compensate inmates "for injuries suffered...in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4). The United States Supreme Court has held that the IACA is the exclusive remedy to seek compensation from the government for injuries sustained while performing an assigned task in a federal correctional

institution. *United States v. Demko*, 385 U.S. 149, 152-54 (1966); *see also* 28 C.F.R. § 301.319 ("Inmates who are subject to the provisions of these Inmate Accident Compensation regulations are barred from recovery under the Federal Tort Claims Act."); *Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996) (holding that the IACA "is a prisoner's exclusive remedy against the United States for work related injuries and bars a prisoner from suit under the Federal Tort Claims Act for work related injuries"). Accordingly, plaintiff's FTCA claim is barred.

Second, the government argues that plaintiff's alternative claim under the IACA fails because the IACA does not authorize a suit for damages in federal court. Again, the government is correct. The IACA authorizes lost-time wages resulting from a workplace injury and sets forth administrative procedures inmates must follow to file a claim for compensation. *See generally* 28 C.F.R. Part 301. In particular, no compensation for an injury may "be paid prior to an inmate's release"; rather, the inmate must file a claim for compensation "[n]o more than 45 day prior to the date of an inmate's release, but no less than 15 days prior to this date." *Id.* § 301.303(a). While an inmate may seek judicial review of a final IACA decision under the Administrative Procedures Act (APA), *see* 5 U.S.C. § 704, plaintiff has not filed an IACA claim and may not file a claim until forty-five day before his projected release from custody on May 28, 2024. Therefore, plaintiff's IACA claim also fails.

Construed liberally, plaintiff's allegations arguably raise an Eighth Amendment *Bivens* claim against correctional officers Childress and Rapp. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (authorizing suits for damages against individual federal officials to remedy violations of certain constitutional rights). In particular, plaintiff alleges that Childress and Rapp knew that "the makeshift hose used to repair the Fryer was not the proper hose for the Fryer" and exhibited deliberate indifference toward

plaintiff's safety "in failing to upgrade, correct and or to fix the defective equipment." Compl. ¶¶ 19, 33. While the IACA precludes tort actions against the United States, the Ninth Circuit – like the Sixth, Seventh, and Tenth Circuits – has held that the IACA does not preclude *Bivens* claims brought against individual federal officials and alleging deliberate indifference under the Eighth Amendment. *Vaccaro*, 81 F.3d at 857; *see also Koprowski v. Baker*, 822 F.3d 248, 252 (6th Cir. 2016); *Smith v. United* States, 561 F.3d 1090, 1103 (10th Cir. 2009); *Bagola v. Kindt*, 131 F.3d 632, 645 (7th Cir. 1997). Nonetheless, plaintiff fails to allege sufficient facts to show that Childress and Rapp knew of and disregarded an excessive risk to plaintiff's safety in violation of the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Rather, plaintiff alleges that Childress and Rapp knew about the "makeshift" fryer repair. At most, these allegations support a claim of negligence, not deliberate indifference to plaintiff's safety.

"Unless it is absolutely clear that no amendment can cure" defects in a complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Any amendment of plaintiff's FTCA and IACA claims would be futile, as those claims are not subject to judicial review. However, I cannot find that amendment of a *Bivens* claim would be futile, and plaintiff is allowed the opportunity to cure the deficiencies in his claim alleging deliberate indifference against correctional officers Childress and Rapp. Plaintiff is advised that he must allege facts showing that Childress and Rapp knew that the repaired fryer posed an excessive risk to plaintiff's safety and that they nevertheless disregarded that risk.

## CONCLUSION

Defendants' Motion to Dismiss (ECF No. 9) is GRANTED and plaintiff's FTCA and IACA claims are DISMISSED for lack of jurisdiction and failure to state a claim.

Within thirty days from receipt of this Order, plaintiff may amend his Complaint to cure the deficiencies in his claim alleging deliberate indifference to his safety under the Eighth Amendment. Plaintiff is advised that the failure to file an amended complaint will result in dismissal of this action with prejudice.

IT IS SO ORDERED.

DATED this 15th day of November 2018.

                                              s/ Mustafa T. Kasubhai
                                              MUSTAFA T. KASUBHAI
                                              United States Magistrate Judge